IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARQUAVIOUS MARTIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00709-O-BP |
| CITY OF GRAPEVINE, TEXAS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Christopher Martin initiated this action by filing a Small Claims Petition in the Justice Court, Precinct Three, of Tarrant County, Texas on July 9, 2024. ECF No. 1 at 6. On July 30, 2024, Defendant City of Grapevine, Texas removed the case from state court. ECF No. 1. On the same day, this case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2.

On August 19, 2024, the Court ordered Martin to file amended pleadings consistent with the pleading requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court ("Local Civil Rules"). ECF No. 4. Martin did not comply, and the Court ordered him to replead a second time, with the same warning, by September 25, 2024. ECF No. 8. In the second Order, the Court cautioned the Plaintiff that "failure of any party to comply with this order may result in a recommendation that the Court dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case or obey a court order." *See* Fed. R. Civ. P. 41(b); *Id.* at 1. To date, Martin has not complied with either order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for

failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Martin has neither complied with the undersigned's two orders to replead, nor submitted any other pleading explaining his delay. It appears Matin no longer wishes to pursue his claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Martin's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** Judge O'Connor **DISMISS** this case **without prejudice** under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** October 2, 2024.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3